JAMES C. GULOTTA, Judge Pro Tem.
This case has been remanded to this court by the Louisiana Supreme Court for consideration of the issue of quantum only.[1] Defendants appealed the trial court judgment claiming that the damages awarded in this case are excessive. Plaintiffs neither appealed the trial court judgment nor answered the defendants’ appeal. We vacate in part and affirm in part.
The trial court awarded damages to the minor child, Vickie Ann Housley, in the amount of $400,000.00. This amount included $250,000.00 for past and future pain and suffering, mental anguish and physical and intellectual permanent disabilities and $150,000.00 for loss of earning capacity. Additionally, damages in the amount of $35,000.00 were awarded to Mrs. Vickie Housley for increased pain and suffering caused by the accident which resulted in an abnormally long labor, back pain, pain and scarring from a Caesarean section delivery and emotional worry and concern. Damages of $55,552.58 were awarded to William Housley for past and future medical expenses.
Defendants first claim that the $250,000.00 award to Vickie Ann Housley for pain and suffering, mental anguish and permanent impairment should be reduced and the $150,000.00 award to her for loss of earning capacity should be vacated. In Reck v. Stevens, 373 So.2d 498 (La.1979), the Louisiana Supreme Court stated that “before the trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case.” If an analysis of the facts discloses an abuse of the trier of fact’s discretion, only then can the appellate court look to prior awards for similar injuries to determine an appropriate award. Reck at p. 501.
In the instant case, the evidence established that the minor child, Vickie Ann Housley, was hospitalized for ten weeks following her birth for problems associated with her prematurity. During this time, she suffered from respiratory distress syndrome, jaundice, a moderate to severe bilateral intraventricular hemorrhage, repeated bouts of apnea (suspension of breathing) and bradycardia (abnormally slow heart beat). All of these conditions required medication and monitoring but were resolved before the child was discharged from the hospital.
Dr. Juan Gershanik, a neonatologist who treated Vickie Ann in the hospital, testified that the intraventricular hemorrhage was resolved three weeks after birth but stated that Vickie Ann could have future complications or a brain injury. He also stated that because Vickie Ann suffered severe respiratory distress shortly after birth, it is likely that she will contract respiratory infections in the future.
Dr. Jonelle McAllister, a pediatric neurologist, examined Vickie Ann at age three. As a result of her examination, Dr. McAl-lister formed the opinion that Vickie Ann is neurologically suspect because she was more awkward at that time than is appropriate for a child of that age.
*73 The testimony also revealed that the hemorrhage sustained by Vickie Ann caused her to later develop a form of cerebral palsy known as spastic diplegia which causes abnormal motor function in the lower extremities. Dr. John Willis, a pediatric neurologist, testified that he examined Vickie Ann at age six. He stated that the spastic diplegia condition was caused by the premature birth and will probably be permanent. However, he noted that although this condition has caused the child to have an abnormal gait, she is only minimally spastic and will probably not have any obvious difficulty in her life aside from the fact that her ability to participate in athletic activities will probably be limited.
Dr. William Black, a neuropsychologist who examined Vickie Ann at age six, found evidence of fine motor coordination problems, learning problems and hyperactivity. It was his opinion that these problems were caused by Vickie Ann’s premature birth. Dr. Black recommended that this hyperactivity condition be treated with either medication or therapy. He also stated that Vickie Ann’s motor coordination problems will probably improve over a period of time but could have a significant effect on her writing skills for several years.
The trial judge found the evidence established that Vickie Ann has been developmentally delayed as a result of her premature birth and has learning problems in addition to the physical problems described above. In light of the specific facts and circumstances of the instant case, we conclude that although the general damages award of $250,000.00 to Vickie Ann Hous-ley is high, it is not so excessive as to amount to an abuse of the trial court’s discretion. Therefore, we affirm this award.
Defendants also challenge the correctness of the $150,000.00 award to Vickie Ann Housley for loss of earning capacity. They argue that this award should be vacated because plaintiffs failed to present any evidence at trial on this issue. Plaintiffs argue that even though it is impossible to determine with certainty the loss of earning capacity suffered by a six year old, these damages should be awarded because Vickie Ann’s developmental delay caused by her prematurity and her resulting lowered intellectual capacity will limit her future employment opportunities.
Plaintiffs cite the case of Folse v. Fakouri, 371 So.2d 1120 (La.1979) as support for their argument that earning capacity is not necessarily determined by actual loss. In Folse, the Louisiana Supreme Court stated that “damages may be assessed for the deprivation of what the injured plaintiff could have earned despite the fact that he may never have seen fit to take advantage of that capacity.”
In Hobgood v. Aucoin, 574 So.2d 344 (La.1990), the Louisiana Supreme Court held that the plaintiff was entitled to damages for loss of earning capacity even though the opinion of the economist who testified on this issue was not entitled to any weight because it was not based on facts supported by the record. Additionally, no evidence was presented to show specific losses in plaintiff’s business resulting from his injury.
In the Folse and Hobgood cases, damages for loss of earning capacity were awarded even though the evidence on this issue was limited. In Folse, evidence was presented as to average salaries for the types of jobs held by that plaintiff prior to his accident. In Hobgood, the court noted that plaintiff presented proof of a more general nature which established that his earning capacity has been impaired because of his inability to pursue his business as vigorously and energetically as he did prior to his injury. These cases are distinguishable from the instant case because the record in this case is completely devoid of any evidence on the issue of Vickie Ann Housley’s loss of earning capacity. None of the witnesses in this case testified as to the possibility of a negative economic impact being suffered in the future by Vickie Ann as a result of her injuries.
Although the Folse and Hobgood cases establish that the amount lost in future earnings does not have to be proven to a mathematical certainty, a plaintiff must present evidence which proves that a loss *74 of earning capacity has, in fact, been sustained. Because this issue was not even addressed at trial, we conclude that the trial judge erred in awarding damages for loss of earning capacity. See Schiro v. Travelers Insurance Company, 489 So.2d 315 (La.App. 4th Cir.1986). Therefore, the portion of the trial court judgment awarding damages to Vickie Ann Housley for loss of earning capacity is vacated.
Defendants next argue that the trial court’s award for Mrs. Housley’s pain and suffering was excessive. Mrs. Housley was awarded $35,000.00 for increased pain and suffering caused by the accident resulting in an abnormally long labor, back pain, pain and scarring of a Caesarean section delivery and emotional worry and concern.
Mrs. Housley testified that after her fall which caused her to go into premature labor, she felt extreme pain in her lower back, shoulder and stomach; She also sustained bruises on her back. She was hospitalized for four days prior to her premature delivery and experienced severe pain throughout that time. Mrs. Housley testified that she had the additional trauma during the days prior to the delivery of worrying about the welfare of her unborn child.
As Mrs. Housley was being prepared for her Caesarean section delivery, a member of the hospital staff had to remove a piece of metal from her back which had been there since her fall four days earlier. Because of her premature labor, she had to undergo a Caesarean section even though her four other children had been delivered vaginally. She stated that she was in severe pain for several days following the Caesarean section. As a result of this surgery, Mrs. Housley has a scar approximately six inches long and one-half inch wide.
After reviewing the record, we conclude that the amount awarded to Mrs. Housley is supported by the evidence. Therefore, this assignment of error is without merit.
The trial court awarded $55,552.58 to William Housley for past and future medical expenses. Of this amount, $50,-552.58 represents past expenses and $5,000.00 represents future expenses. Defendants claim the trial court erred in awarding future medical expenses because there is no evidence to suggest that Mr. and Mrs. Housley will provide Vickie Ann with the medical care suggested by the professionals who treated her.
The record establishes that Vickie Ann will need future medical treatment for her injuries. Dr. Black testified that Vickie Ann’s motor coordination problems will require periodic reevaluation. He also recommended that she be treated with medication for her hyperactivity. This treatment will have to be administered by either a pediatrician or a pediatric neurologist. Dr. Black also stated that Vickie Ann’s hyperactivity condition will have to be periodically reevaluated for several years.
Defendants’ argument that Vickie Ann will not receive this treatment is mere speculation and does not provide a sufficient basis for eliminating this award. Because the amount awarded in future medical expenses is fully supported by the record, this assignment of error is without merit.
Accordingly, for the reasons stated above, the $150,000.00 award to Vickie Ann Housley for loss of earning capacity is vacated. In all other respects, the judgment of the trial court is affirmed.
JUDGMENT VACATED IN PART; AFFIRMED IN PART.

. This court reversed the trial court’s judgment in favor of plaintiffs and rendered judgment in favor of the defendants. Housley v. Cerise, 568 So.2d 571 (La.App. 4th Cir.1990). The Louisiana Supreme Court reversed this court's judgment and remanded the case to this court for consideration of the quantum issue only. On all other issues, the Louisiana Supreme Court reinstated the trial court judgment. Housley v. Cerise, 579 So.2d 973 (La.1991).