IxLANDRIEU, Judge.
This suit arises from an incident that occurred in the Gulf of Mexico aboard the McDermott Derrick Barge DB-50 to which plaintiffiappellant, William Hollis, was assigned as a diver. While Hollis and his fellow divers were having lunch on May 19, 1990, the diving supervisor, Wayne Willett, began to choke. Hollis performed a Heimlich maneuver on Willett and successfully dislodged a piece of celery. That night, Hollis performed a dive that lasted approximately two hours. At some point on May 19th, Hollis began to complain of back pain; he was later diagnosed as having a herniated disc for which surgery was required.
Hollis subsequently filed suit against McDermott and asserted a cause of action under both the Jones Act, 46 U.S.C.A. § 688 (West 1975 & West Supp.1995), and the general maritime law doctrine of unseaworthiness. Hollis claimed that he was injured when he performed the Heimlich maneuver on Willett. Hollis further alleged that Wil-lett’s choking was the result of his negligent eating and that the vessel was unseaworthy because the chef had not chopped the celery small enough for consumption.
laAfier a trial on the merits, the jury found that Hollis did not injure his back performing the Heimlich maneuver. The trial court accordingly rendered judgment in favor of McDermott and against Hollis, dismissing plaintiffs suit at plaintiffs costs. On appeal, Hollis argues that the jury’s determination that he did not injure his back performing the Heimlich maneuver was clearly erroneous. We affirm the trial court’s decision.
Manifest error is the standard this Court uses to measure the fact finding of the trial jury. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Rosell v. ESCO, 549 So.2d 840 (La.1989), on remand to, 558 So.2d 1360 (La. App. 4th Cir.1990), writ denied, 561 So.2d 105 (La.1990); Stobart v. Department of Transportation and Development, 617 So.2d 880 (La.1993). Absent “manifest error” or unless it is “clearly wrong”, the jury’s findings of fact may not be disturbed upon appeal. The appellate court must determine whether the evidence before the trier of fact, upon its reasonable evaluation of credibility, furnished a reasonable basis for the finding.
Whether an accident was the cause of a person’s injury is a question of fact. Housley v. Cerise, 579 So.2d 973, 975 (La.1991), rehearing granted in part, (June 13, 1991), on remand to, 597 So.2d 71 (La.App. 4th Cir.1992), writ denied, 600 So.2d 646 (La.1992). Therefore, whether Hollis was injured performing the Heimlich maneuver was a question of fact for the jury to determine. Hollis claims that the jury was manifestly erroneous in not finding that his injury was caused by his performing the Heimlich .maneuver. The evidence of causation he presented at trial consisted of his own testimony, the testimony of doctors repeating *839 what Hollis told them was the cause of his injury, the fact that Hollis was later diagnosed as having a herniated disc, and the testimony of another diver that Hollis complained of back trouble sometime “later in the afternoon or evening.” Additionally, Hollis testified that he had reported to the ship’s medicjgwithin one hour after performing the Heimlich maneuver and filled out a report on his injury. However, no evidence was produced at trial that corroborated this claim.
Hollis also testified that he complained to Willett within a half hour of the incident that his back hurt and questioned whether he should dive. Willett, however, testified that he did not recall having any conversation with Hollis prior to his last dive. In fact, Willett testified that he heard about Hollis’ back injury several days later from someone other than Willett. Willett’s testimony conflicted with Hollis’ account of the events and when there is a conflict in the testimony, reasonable evaluations of credibility should not be disturbed upon review. Id.
Hollis presented medical testimony that performing a Heimlich maneuver on a larger person could cause a herniated disc. However, McDermott presented evidence that Hollis completed a two hour dive wearing heavy equipment on that same day during which Hollis possibly injured his back. Where there are two permissible views of the evidence, the fact finder’s choice must be clearly erroneous in order to reverse the lower court. Id.
There is nothing in the record that indicates the trial court’s determination was manifestly erroneous. Although it is undisputed that Hollis suffered a herniated disc, the source of the injury was a question for the jury. The jury was in the best position to judge the credibility of all the witnesses and to evaluate the evidence presented. Because we find no manifest error in the jury’s finding that performing the Heimlich maneuver did not cause Hollis’ injury, we need not address the question of Willett’s negligent eating or the unseaworthiness of the vessel based on improperly chopped celery. For these reasons, the judgment of the lower court is affirmed.
AFFIRMED.
BARRY, J., concurs, with reasons.